IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAWN CRISP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:25-cv-00965 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ALLAN F. STRIFFLER, ) | MAGISTRATE JUDGE NEWBERN |
| *in their individual capacity,* **et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Fawn Crisp, a resident of Summerville, Georgia, filed a pro se Complaint alleging claims of personal injury, including sex trafficking, kidnapping, false imprisonment, attempted manslaughter, and sexual assault by Defendants. (Doc. No. 1). She has now filed a Motion to Reconsider the Court's most recent Order. (Doc. No. 14), as well as a Second Amended IFP Application (Doc. No. 21).

As background, Plaintiff filed her first IFP Application (Doc. No. 2) on August 26, 2025 and an Emergency Motion (Doc. No. 9) on September 18, 2025. The Court denied Plaintiff's IFP Application (Doc. No. 2) because it lacked sufficient financial information. (Doc. No. 10 at PageID# 72-73). The Court then informed Plaintiff that the Emergency Motion (Doc. No. 9) could not be addressed unless and until the filing-fee deficiency is cured. (Doc. No. 10 at PageID# 73).

Plaintiff filed her amended IFP Application ("First Amended IFP Application") (Doc. No. 11) on October 1, 2025. On October 2, 2025, the Court entered an Order denying Plaintiff's First Amended IFP Application for lack of sufficient financial information provided. (Doc. No. 13). The Court noted Plaintiff's First Amended IFP Application lacked any information as to Plaintiff's housing situation, transportation and recreation expenses, and she wrote "N/A" as a response to

any food, clothing, or medical/dental expenses. (*Id*. at PageID# 114-15). The Court ordered Plaintiff to pay the civil filing fee of $405.00 within 30 days of the entry of the Order. (*Id*. at PageID# 115).

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 14), Second Amended IFP Application (Doc. No. 21), and Emergency Motion (Doc. No. 9).[1]

## I. FILING FEE

**A. Motion for Reconsideration (Doc. No. 14)**

Plaintiff requests that this Court reconsider its denial of Plaintiff's First Amended IFP Application and says she cannot afford to pay the civil filing fee because she is on a fixed income. (Doc. No. 14 at PageID# 116).

Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the Court's prior Order) to prevent manifest injustice. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id*. (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." *Id*. at 959 n.7.

Here, Plaintiff does not argue that there has been an intervening change of controlling law or that reconsideration is needed to correct a clear error or prevent manifest injustice. However, Plaintiff has provided the Court with additional information about her financial status via her

---

[1] Plaintiff filed multiple letters from third parties to support her request for reconsideration of the Court's denial of her IFP Applications. Those letters will not be considered by the Court.

Second Amended IFP Application (Doc. No. 21). Therefore, Plaintiff's Motion for Reconsideration (Doc. No. 14) is **GRANTED**, and the Court will review Plaintiff's Second Amended IFP Application (Doc. No. 21).

**B. Second Amended IFP Application (Doc. No. 21)**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id*.

Plaintiff reports a single income source of $1.000.00 per month from disability payments, and her expenses total $845.00 per month. (Doc. No. 21 at PageID# 136-37, 139-40). Plaintiff states she is on a fixed income and does not have a bank account. (*Id*. at PageID# 140). Because Plaintiff's Second Amended IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, Plaintiff's Second Amended IFP Application is **GRANTED**. 28 U.S.C. § 1915(a). The Clerk therefore is **DIRECTED** to file the Complaint (Doc. No. 1), the First Amended Complaint (Doc. No. 7), and the Second Amended Complaint (Doc. No. 12) in forma pauperis.

## II. EMERGENCY MOTION (DOC. NO. 9)

Plaintiff filed an Emergency Motion (Doc. No. 9) informing the Court that her circumstances "involve[] a risk of irreparable harm and abuse that cannot wait for a normal court schedule." (*Id*. at PageID# 61). As best the Court can discern, Plaintiff is requesting that this case be expedited as she wishes for Defendants to be ". . . prosecuted to the fullest extent of the law." (*Id*. at PageID# 62). Plaintiff states she has "taken [her] case to state court June 7, 2025." (*Id*. at PageID# 61). The majority of Plaintiff's Emergency Motion is a description of the allegations within the Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 7), and the effects the incident at issue has had on her. (Doc. No. 9 at PageID# 61-62).

The Court will construe Plaintiff's Emergency Motion (Doc. No. 9) as a motion for a temporary restraining order ("TRO").

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Although Plaintiff filed a motion separate from the Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 7), Plaintiff failed to provide a memorandum of law, an affidavit or verified complaint, and any efforts made to give notice to Defendants and why it should not be required. Thus, the motion is procedurally non-compliant.

Even if the Emergency Motion was procedurally compliant, the only relief sought therein is for the Court to initiate criminal charges against Defendants. The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Serv.*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

Accordingly, the Emergency Motion (Doc. No. 9) is **DENIED** without prejudice.

### III. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint[2] if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

---

[2] Plaintiff has filed what appears to be two Amended Complaints. (Doc. Nos. 7 & 12). The Court's initial review considers only the Second Amended Complaint as it is the operative pleading in this case. (Doc. No. 12).

5

such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

**A. Alleged Facts**

The Second Amended Complaint alleges Defendants committed criminal violations against her, such as kidnapping, sex trafficking, attempted manslaughter, aggravated sodomy, false imprisonment, criminal negligence, human trafficking, and domestic terrorism. (Doc. No. 12 at PageID# 83-84). Plaintiff claims the crimes committed against her deprived her of her civil rights. (*Id.*).

Plaintiff called the Stewart County Sheriff's Office in Tennessee on September 12, 2018, stating she was sexually assaulted by two men on March 27, 2018. (Doc. No. 12-1 at PageID# 88). Plaintiff stated she was visiting a friend for a memorial service and went back with friends to a residence together. (*Id.*). Plaintiff alleged that she and the individuals living at that residence began drinking, and she began feeling sick and disoriented after having two drinks that were mixed for her. (*Id.*). She blacked out shortly after. (*Id.*). Plaintiff alleges her ribs, knees, and "female area" were sore upon waking the next morning. (*Id.*). Plaintiff had no recollection of what transpired the night prior. (*Id.*).

Plaintiff began remembering details from that night about two weeks later. (*Id.*). She reported two men performed sexual acts on her by putting wooden broom handles and other objects

inside of her, and she remembers them recording these acts with a cell phone. (*Id*.). Plaintiff stated these men were asking her questions throughout the incident, and two other women witnessed the incident. (*Id*.). Plaintiff believed she was drugged by these individuals with a date rape drug. (*Id*.).

Plaintiff alleges she has suffered multiple physical injuries, including, but not limited to, injuries to her teeth, neck, shoulders, spine, ribs, hips, knees, anus, and arm, and she suffered psychological injuries as well. (Doc. No. 12 at PageID# 85). Plaintiff requests that Defendants either "pay or . . . [are] prosecuted to the fullest extent of the law." (*Id*.).

**B. Analysis**

The Court does not have jurisdiction over this case for multiple reasons. The Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff does not allege any of the Defendants are "person[s] who, under color of any statute, ordinance, regulation, custom, or usage, . . . subject[ed] . . . [her] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.

The Court also does not have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Although Defendants and Plaintiff are not citizens of the same state[3], Plaintiff does not allege an amount in controversy. *Id*. Therefore, the Court does not have diversity jurisdiction over this case.

Plaintiff's only request for relief is that Defendants either "pay or . . . [are] prosecuted to the fullest extent of the law." (Doc. No. 12 at PageID# 85). Plaintiff does not specify what she means when she says she requests that the Defendants "pay." As explained above, the only entities

---

[3] Plaintiff reports a Georgia address in the Complaint (Doc. No. 1 at PageID# 2) as well as various other filings (Doc. Nos. 2, 6, 7, 9, 11, 14, 16, 18, 19, 20, 21). Plaintiff, however, reports a Tennessee address in her Second Amended Complaint (Doc. No. 12), but it appears to be a scrivener's error because the address she listed for herself is the same one she lists for Defendants. (*Id*. at PageID# 82-83). For the purposes of this Order, the Court will consider Plaintiff a resident of Georgia.

that possess the authority to initiate criminal prosecutions are state and federal prosecutors, not private citizens. *Tunne*, 2010 WL 290512, at *1; *Williams*, 99 F. App'x at 707. Therefore, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

For the reasons stated above, the Court lacks subject-matter jurisdiction in this case and, thus, the Second Amended Complaint (Doc. No. 12) is **DISMISSED** without prejudice.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE